UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EARNESTINE D. COMBS, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| vs. | )  No. 1:16-cv-02386-JMS-TAB |
| | ) |
| NANCY BERRYHILL,[1] Acting Commissioner | ) |
| of the Social Security Administration, | ) |
| | ) |
| *Defendant*. | ) |

## ENTRY REVIEWING THE COMMISSIONER'S DECISION

Plaintiff Earnestine Combs applied for disability insurance benefits and supplemental security income from the Social Security Administration ("SSA") on May 20, 2013, alleging an onset date of March 29, 2013. [Filing No. 14-6 at 9-14.] Her applications were initially denied on July 5, 2013, [Filing No. 14-4 at 4-21], and upon reconsideration on August 21, 2013, [Filing No. 14-4 at 22-35]. Administrative Law Judge Hortensia Haaversen (the "ALJ") held a hearing on January 22, 2015, [Filing No. 14-2 at 43-59], and issued a decision on April 6, 2015, concluding that Ms. Combs was not entitled to receive disability insurance benefits or supplemental security income, [Filing No. 14-2 at 23-42]. The Appeals Council denied review on August 18, 2016. [Filing No. 14-2 at 2-7.] On September 6, 2016, Ms. Combs timely filed this civil action, asking the Court to review the denial of benefits pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). [Filing No. 1.] Ms. Combs also filed a Motion to Strike, [Filing No. 23], which the Court will consider herein.

---

[1] The Court has substituted Nancy Berryhill as the proper Defendant in this action, given that she became the Acting Commissioner of the Social Security Administration on January 23, 2017. *See* "Meet Our New Acting Commissioner," Social Security Administration Blog, available at http://blog.ssa.gov/meet-our-new-acting-commissioner (last visited June 23, 2017).

# I.
## STANDARD OF REVIEW

"The Social Security Act authorizes payment of disability insurance benefits and Supplemental Security Income to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002). "The statutory definition of 'disability' has two parts. First, it requires a certain kind of inability, namely, an inability to engage in any substantial gainful activity. Second, it requires an impairment, namely, a physical or mental impairment, which provides reason for the inability. The statute adds that the impairment must be one that has lasted or can be expected to last . . . not less than 12 months." *Id*. at 217.

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong," *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)-(v), evaluating the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [his] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citations omitted) (alterations in original). "If a claimant satisfies steps one, two, and three, [he] will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then [he] must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform his own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920(e), (g). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner. *Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

# II.
## BACKGROUND

Ms. Combs was fifty-four years old when she filed for disability insurance benefits and supplemental security income. [Filing No. 14-6 at 9-14.][2] Using the five-step sequential evaluation set forth by the SSA in 20 C.F.R. § 404.1520(a)(4), the ALJ issued an opinion on April 6, 2015, determining that Ms. Combs was not entitled to receive disability insurance benefits or supplemental security income. [Filing No. 14-2 at 36.] The ALJ found as follows:

- At Step One of the analysis, the ALJ found that Ms. Combs had not engaged in substantial gainful activity[3] since March 29, 2013, the alleged onset date. [Filing No. 14-2 at 29.]

- At Step Two of the analysis, the ALJ found that Ms. Combs suffers from the following severe impairment: hypertension. [Filing No. 14-2 at 29-31.]

- At Step Three of the analysis, the ALJ found that Ms. Combs did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. [Filing No. 14-2 at 31.]

- After Step Three but before Step Four, the ALJ found that Ms. Combs had the RFC to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b) and 20 C.F.R. § 416.967(b). [Filing No. 14-2 at 32-36.]

- At Step Four of the analysis, the ALJ found that Ms. Combs is able to perform past relevant work as a service clerk and a book distributor and that this work does not require the performance of work-related activities precluded by her RFC. [Filing No. 14-2 at 36.]

---

[2] Both Ms. Combs and the Commissioner detailed pertinent facts in their briefs, and the opposing party did not dispute those facts. [Filing No. 16; Filing No. 21.] Because those facts implicate sensitive and otherwise confidential medical information concerning Ms. Combs, the Court will simply incorporate those facts by reference herein. Specific facts will be articulated as needed.

[3] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a); 20 C.F.R. § 416.972(a).

# III.
## DISCUSSION

Several of Ms. Combs' challenges to the ALJ's decision involve a prior social security application that was denied in March 2013, (the "2013 Decision"), and the transcript of the related hearing, (the "2013 Transcript"). Specifically, Ms. Combs challenges the ALJ's decision in the present case on three grounds, arguing that: (1) the administrative record includes improper extra-record evidence by including the 2013 Transcript, [Filing No. 16 at 7]; (2) the ALJ failed to develop an adequate record or provide a full and fair hearing by failing to provide Ms. Combs with a copy of the 2013 Decision and by ruling that it did not include relevant evidence, [Filing No. 16 at 7-10]; and (3) the ALJ's findings at Step Four are not supported by substantial evidence, [Filing No. 16 at 10-15]. In addition, Ms. Combs filed a Motion to Strike the 2013 Transcript from the administrative record, and all references thereto from the Memorandum in support of the Commissioner's Decision. [Filing No. 23.]

**A. Ms. Combs' Motion to Strike [Filing No. 23]**

At the outset, the Court will consider Ms. Comb's Motion to Strike. [Filing No. 23.] In support of her motion, Ms. Combs asserts that the 2013 Transcript was improperly included in the administrative record that the Commissioner filed in this Court. [Filing No. 24 at 1-4.] In addition, Ms. Combs highlights portions of the Commissioner's reply brief wherein the Commissioner cites to the 2013 Transcript. [Filing No. 24 at 2 (citing Filing No. 21 at 8; Filing No. 21 at 11).] Ms. Combs argues that because there is no legal basis to consider the 2013 Transcript, "the Court should order stricken the hearing transcript at issue and all references thereto in [the Commissioner's] Memorandum." [Filing No. 24 at 5.]

The Commissioner did not respond to Ms. Comb's Motion to Strike.

The Social Security Act provides that as part of her answer, "the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). Neither party alleges that the ALJ considered or relied upon the 2013 Transcript in arriving at her decision in the present case. There is also no reference to the 2013 Transcript in the ALJ's list of exhibits attached to her opinion. [Filing No. 14-2 at 37-42.] As such, the 2013 Transcript is not properly part of the record upon which the ALJ's findings and decision are based and should not have been filed with the Commissioner's answer pursuant to 42 U.S.C. §405(g). Accordingly, Ms. Combs' Motion to Strike, [Filing No. 23], is **GRANTED**. The Court will not consider the 2013 Transcript, and will disregard references to the document in Ms. Combs'[4] and the Commissioner's briefs.

### B. Failure to Develop an Adequate Record or Provide a Full and Fair Hearing

Having granted Ms. Combs' Motion to Strike, [Filing No. 23], the Court will not consider her argument on appeal concerning the impropriety of the administrative record, [Filing No. 16 at 17]. Instead, the Court will examine Ms. Combs' second argument—that the ALJ failed to develop an adequate record or provide a full and fair hearing. [Filing No. 16 at 7-10.] First, Ms. Combs argues that the ALJ failed to develop the record "when she ruled that the prior claim file does not include relevant evidence." [Filing No. 16 at 8.] Ms. Combs goes on to allege that the ALJ failed to provide a full and fair hearing when she refused to provide Ms. Combs with her prior claim file. [Filing No. 16 at 7-9.]

---

[4] The Court notes that, notwithstanding her Motion to Strike, Ms. Combs' own brief appears to cite to and rely upon the transcript that she now seeks stricken. [Filing No. 16 at 12 (citing Filing No. 14-2 at 66); Filing No. 16 at 14 (same).] To the extent that Ms. Combs' own brief(s) cite to the 2013 Transcript, the Court will disregard all references thereto.

6

In response, the Commissioner contends that Ms. Combs has not shown a basis for reviewing the issue of reopening her prior applications. [Filing No. 21 at 6.] In addition, the Commissioner notes that Ms. Combs' current claim is for a different period of time than her prior claim. [Filing No. 21 at 7.]

On reply, Ms. Combs argues that the Commissioner "misstated, even grossly misstated," her arguments regarding reopening her prior case. [Filing No. 22 at 2.] Ms. Combs states that she "never cited any legal authority that pertains to reopening," and that her argument before this Court "has nothing to do with reopening." [Filing No. 22 at 3.] She maintains that the ALJ should have provided her with her prior claim file. [Filing No. 22 at 5.] In addition, Ms. Combs argues that because the prior adjudication and the current adjudication are both based on her prior work, "of necessity the prior claim file includes relevant evidence." [Filing No. 22 at 8.]

The Court accepts Ms. Combs' assertions that she is not seeking a reopening of her prior social security claim and, accordingly, will not analyze this issue. Instead, the Court will focus on Ms. Combs' arguments in support of her contention that the ALJ failed to develop an adequate record and deprived her of a full and fair hearing.

The Social Security Act gives those claiming disability benefits a right to a hearing, in which the Commissioner may "examine witnesses, and receive evidence." 42 U.S.C. § 405(b)(1). Due process requires that this hearing be "full and fair." *Davenport v. Astrue*, 417 F. App'x 544, 546 (7th Cir. 2011). During the hearing "a claimant bears the burden of proving disability," however, "the ALJ in a Social Security hearing has a duty to develop a full and fair record." *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009). In reviewing whether the ALJ did so, this Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in

general, substitute our own judgment for that of the Commissioner." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004).

Additional information regarding hearings can be found in Social Security manuals, including the Social Security Hearings, Appeals, and Litigation Law Manual, ("HALLEX"), and the Social Security Program Operations Manual System, ("POMS"). Ms. Combs relies upon the HALLEX Manual in support of her argument that evidence in a prior claim file is necessary for a full adjudication of the issues. [Filing No. 16 at 8.] However, the Seventh Circuit has explicitly declined to decide whether the HALLEX Manual "creates rights that litigants can enforce in court." *Dean v. Colvin,* 585 Fed. App'x. 904, 905 (7th Cir. 2014). This Court joins other courts in this circuit in declining to find that the HALLEX Manual creates legally enforceable rights. *See, e.g., Jarman v. Colvin*, 2015 WL 225448, at *5 (S.D. Ill. Jan. 15, 2015). Ms. Combs also cites to the POMS Manual but, here again, the Seventh Circuit has held that "[t]he POMS manual has no legal force" and cannot be "controlling." *Parker for Lamon v. Sullivan*, 891 F.2d 185, 190 (7th Cir. 1989).

Yet, even accepting the HALLEX and POMS Manuals as persuasive authority, neither subsection that Ms. Combs identifies requires an ALJ to consider a prior claim file. HALLEX states that an ALJ "will generally find" evidence from a prior claim file relevant, [Filing No. 16 at 8 (citing HALLEX)], and POMS provides that evidence from a prior file "may have" adjudicative significance, [Filing No. 16 at 8 (citing POMS)]. Here, the ALJ determined that the prior case file did not have adjudicative significance. In so doing, she adequately built a logical bridge to her conclusion, reasoning that "the Administrative Law Judge decision of March 28, 2013 is final and binding throughout the date of that decision. The focus of this decision is the period of time from March 29, 2013 to the present." [Filing No 14-2 at 26-27.] Because the ALJ was not required to

8

consider Ms. Combs' prior case file, and because she adequately explained her reasoning in declining to consider the same, the Court finds no grounds for remand on the basis that the ALJ failed to develop an adequate record. *See Brown v. Colvin*, 845 F.3d 247, 251 (7th Cir. 2016) (noting that the ALJ "must build a logical bridge from evidence to conclusion.").

The Court also finds no grounds for remand due to the ALJ's and the Appeals Council's refusal to provide Ms. Combs with the claim file relating to the 2013 Decision. She cites two cases in support of her contention, *Goldberg v. Kelly*, 397 U.S. 254, 267-68 (1970) and *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Neither case compels remand. *Goldberg* holds that "the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue." *Goldberg*, 397 U.S. at 270 (citation omitted). However, as Ms. Combs concedes, the ALJ "did not base her decision" on evidence from the 2013 Decision. [Filing No. 16 at 7.] Therefore, Ms. Combs' prior case file does not constitute evidence used by the Commissioner to prove her case under *Goldberg*. *Mullane* concerns a beneficiary's right to be heard in a hearing "appropriate to the nature of the case." *Mullane*, 339 U.S. at 313. There is no dispute in this case that Ms. Combs was given an opportunity to be heard at the January 22, 2015 hearing at which she appeared, was represented by counsel, and testified concerning her past relevant work. [Filing No. 14-2 at 47-49.] The Court, therefore, finds that Ms. Combs was provided with a full and fair hearing consistent with the requirements of the Social Security Act.

**C. The ALJ's Findings at Step Four**

The Court next turns to Ms. Combs' third argument—that substantial evidence does not support the ALJ's findings at Step Four of her analysis. [Filing No. 16 at 10.] In particular, Ms. Combs takes issue with the ALJ's determination that Ms. Combs "was not disabled because she

9

could perform two past relevant jobs—service clerk and book distributor—both as actually performed and as generally performed." [Filing No. 16 at 10.] The Court will consider each of Ms. Combs' arguments in turn.

### 1. Ms. Combs' Past Work As Generally Performed

With regard to the ALJ's findings that Ms. Combs could perform her past relevant work as generally performed, Ms. Combs argues that her past work constitutes a "composite" job, which has "no analog in the national economy." [Filing No. 16 at 13.] As such, Ms. Combs argues that the ALJ erred in failing to acknowledge and apply "the composite-job rule." [Filing No. 16 at 14-15.]

In response, the Commissioner contends that during the hearing, Ms. Combs' counsel did not ask the vocational expert whether Ms. Combs' past work was a composite job and, on appeal, Ms. Combs has not identified evidence establishing that her past work was a composite job. [Filing No. 21 at 12.] The Commissioner also contends that even if the ALJ erred in concluding that Ms. Combs could perform her past work as generally performed, the error is harmless because "substantial evidence supports the ALJ's finding that [Ms. Combs] could perform the job as she actually performed it." [Filing No. 21 at 13.]

On reply, Ms. Combs maintains that the ALJ's failure to apply the composite-job rule resulted in vocational expert testimony that is legally incorrect. [Filing No. 22 at 15.] Finally, Ms. Combs refutes the Commissioner's argument concerning her failure to raise the composite job issue during the hearing, pointing out that she raised the issue to the Agency before the ALJ's decision became final in the form of an affidavit that she sent to the Appeals Division two days

before they issued their decision denying her benefits. [Filing No. 22 at 16 (citing Filing No. 14-7 at 74[5]).]

Composite jobs are those that "have significant elements of two or more occupations." Soc. Sec. Rul. 82-61, 1982 WL 31387.[6] Although ALJs can typically rely upon descriptions in the Dictionary of Occupational Titles ("DOT") to define a job as it is usually performed in the national economy, "composite jobs . . . have no counterpart in the DOT." *Id*. Instead, Social Security guidance provides that "[s]uch situations will be evaluated according to the particular facts of each individual case" and "it may be necessary to utilize the services of a vocational specialist or vocational expert." *Id*.

Courts in this circuit have only dealt with cases involving composite jobs a handful of times. *See Barnett v. Colvin*, 2014 WL 7450077, at *7 (S.D. Ill. Dec. 30, 2014) (noting the lack of Seventh Circuit cases regarding composite jobs). Cases considered by district courts in this circuit consist of two broad categories—cases where a claimant's job was clearly a composite job, and cases where the record is less clear. Where a claimant's past work was clearly a composite job, an ALJ "may not find a claimant capable of performing [her] past relevant work on the basis that [she] can meet some of the demands of [her] previous position, but not all of them." *Peterson v. Astrue*, 2010 WL 3219293, at *6 (N.D. Ind. Aug. 12, 2010) (citations omitted) (reversing and remanding the Commissioner's decision where the ALJ failed to examine whether a claimant could perform the more demanding component of her past work).

---

[5] The Court notes that Ms. Combs cites to her affidavit at Filing No. 14-7 at 74. Ms. Combs' affidavit can in fact be found at Filing No. 14-7 at 84.

[6] Social Security Rulings are binding on all components of the Social Security Administration, including ALJs. *See* 20 C.F.R. § 402.35 (providing that Social Security Rulings are published "under the authority of the Commissioner" and are "binding on all components of the Social Security Administration"); *Sample v. Shalala*, 999 F.2d 1138, 1142 n.5 (7th Cir. 1993) (stating that Social Security Rulings are binding upon ALJs).

Where the record does not clearly demonstrate that a claimant's past job was a composite job, courts in this circuit have examined several factors in reviewing an ALJ's determination, including: (1) whether a claimant was represented by counsel during the hearing before the ALJ, *Oskey v. Colvin*, 2015 WL 629005, at *5 (N.D. Ind. Feb. 12, 2015) (noting that the ALJ's duty to develop a full and fair record is "enhanced" when the claimant appears at the hearing without counsel); (2) whether a claimant raised the issue of a composite job at the hearing, *Barnett*, 2014 WL 7450077, at *6; and (3) whether a claimant characterized her past relevant work as a composite job in her testimony before the ALJ, *Polchow v. Astrue*, 2011 WL 1900065, at *20 (N.D. Ill. May 19, 2011).

The Court's limited role in reviewing the ALJ's decision does not permit it to reweigh the evidence or make a determination regarding whether Ms. Combs' job was, in fact, a composite job. *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014); *see also Wiggins v. Colvin*, 2015 WL 2398478, at *7 (N.D. Ill. May 18, 2015) (citations omitted) ("At the end of the day, it is not the court's job to decide how to draw the line between a composite and a non-composite job."). Instead, the Court will examine the factors that other courts in this circuit have used. First, Ms. Combs was represented by counsel during her January 2015 hearing before the ALJ. Second, during the hearing, neither she nor her counsel raised the issue of whether her job constituted a composite job. Finally, throughout her testimony, Ms. Combs made no statements describing her past relevant work as a composite job. [Filing No. 14-2 at 48-49.] Weighing the factors other courts in this circuit have used in cases involving composite jobs, the Court cannot say that the ALJ erred in declining to consider Ms. Combs' prior work as a composite job. Accordingly, remand on this issue is not warranted.

Even if Ms. Combs' past work were a composite job, the ALJ's analysis did not improperly classify her "'past relevant work' according to the least demanding function of [her] past occupations." *Peterson*, 2010 WL 3219293, at *7. Instead, the ALJ found Ms. Combs capable of performing all aspects of her past relevant work, both "as a service clerk *and* a book distributor." [Filing No. 14-2 at 36 (emphasis added).] The ALJ's decision did not, therefore, violate the rule set forth in *Peterson*.

### 2. Ms. Combs' Past Work as Actually Performed

With regard to the ALJ's findings that Ms. Combs could perform her past relevant work as actually performed, Ms. Combs argues that the ALJ improperly separated her past job into two jobs, failed to perform the required function-by-function comparison of her past work, and improperly considered the vocational expert's testimony. [Filing No. 16 at 10-13.]

In response, the Commissioner argues that the ALJ was entitled to rely upon the vocational expert's testimony that Ms. Combs could perform her past relevant work because Ms. Combs' counsel did not question the expert's foundation or reasoning during the hearing. [Filing No. 21 at 10-11.]

On reply, Ms. Combs argues that the Commissioner was "largely unresponsive" to her contentions that substantial evidence does not support the ALJ's findings that she could perform her past relevant work as actually performed. [Filing No. 22 at 12.]

The Court will not consider Ms. Combs' first argument—that the ALJ improperly separated her past job into two jobs—due to the fact that she cites to evidence that she subsequently sought stricken from the record. [Filing No. 16 at 12.] Neither of her other two arguments provide grounds for remand. With regard to the function-by-function comparison, a Social Security Ruling cautions that the failure to make such a comparison, "could result in the adjudicator overlooking

13

some of an individual's limitations or restrictions." Soc. Sec. Rul. 96-8p, 1996 WL 374184. This, however, falls far short of Ms. Combs' characterization that SSR 96-8p "requires" a function-by-function comparison. [Filing No. 16 at 12.] In addition to mischaracterizing SSR 96-8p, Ms. Combs' argument ignores guidance from the Seventh Circuit indicating that "the expression of a claimant's RFC need not be articulated function-by-function; a narrative discussion of a claimant's symptoms and medical source opinions is sufficient." *Knox v. Astrue*, 327 F. App'x 652, 657–58 (7th Cir. 2009).

Finally, Ms. Combs argues that the vocational expert's testimony was legally incorrect and, therefore, irrelevant. [Filing No. 16 at 13.] Her argument specifically concerns the testimony of Vocational Expert Salek. [Filing No. 16 at 12.] However, the ALJ based her finding at Step Four on the testimony of Vocational Expert Thompson. [Filing No. 14-2 at 35 (stating that the ALJ accepted the testimony of the "vocational expert at the first hearing held in June 2014"); Filing No. 14-2 at 25 ("Joseph Thompson, an impartial vocational expert, testified by telephone at the first hearing held June 2, 2014.").] Accordingly, any error in Vocational Expert Salek's testimony is outside of this Court's review of the ALJ's findings at Step Four.

## IV.
### CONCLUSION

Ms. Combs' Motion to Strike, [Filing No. 23], is **GRANTED**. As such, the Court did not consider the 2013 Transcript in its decision herein and disregarded all references to the document in the party's respective briefs.

However, "[t]he standard for disability claims under the Social Security Act is stringent." *Williams-Overstreet v. Astrue*, 364 F. App'x 271, 274 (7th Cir. 2010). "Even claimants with substantial impairments are not necessarily entitled to benefits, which are paid for by taxes, including taxes paid by those who work despite serious physical or mental impairments and for

whom working is difficult and painful." *Id.* at 274. Taken together, the Court can find no legal basis presented by Ms. Combs to reverse the ALJ's decision that she was not disabled during the relevant time period. Therefore, the decision below is **AFFIRMED**. Final judgment shall issue accordingly.

Date: June 26, 2017

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**